IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLENN A. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-159-GMS |
| | ) |
| DEPARTMENT OF VETERANS | ) |
| AFFAIRS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

**I. BACKGROUND**

The plaintiff, Glenn A. Miller ("Miller"), filed this case on March 11, 2009, against numerous defendants pursuant to 38 U.S.C. § 101, 38 C.F.R. § 0.735-1, the VA Adjudication Procedures Manual M-21, the Federal Tort Claims Act ("FTCA"), the Federal Fraud Statute, and common law fraud. On July 20, 2009, the court ordered Miller to show cause why he had not served certain defendants or identified unnamed defendants one through fourteen. (D.I. 13.) On September 28, 2009, the court found that Miller provided cause for his failure to serve and gave him an additional one hundred twenty (120) days to properly effect service. (D.I. 16.) On the same date, the court granted Miller's motion to dismiss the claims against the United States of America ("United States"), construing the motion as one to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a). (*Id.*)

Now pending before the court are Miller's motion for reconsideration of the September 28, 2009 dismissal order (D.I. 19) and a motion to compel disclosure (D.I. 20). Also before the

court is a motion for entry of a special appearance on behalf of the defendants filed by the Department of Veterans Affairs. (D.I. 22.)

## II. DISCUSSION

### A. Reconsideration

On June 23, 2009, Miller filed a motion to dismiss the complaint against the United States. (D.I. 9.) The United States did not object to the motion. (D.I. 11.) The court construed the motion as one to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a) taking into consideration that the motion stated that the FTCA was inapplicable to the United States and the parties' agreement that the court lacked subject matter jurisdiction over the United States. (D.I. 9.) The motion sought dismissal under the misrepresentation exception to the FTCA with Miller explaining that "this case is based on the misrepresentation (fraud) by VA personnel" and that Miller had shown that as a result of the misrepresentation the FTCA did not apply to a suit against the United States. (D.I. 9, at 4, 6.) The dismissal order did not address the issue of misrepresentation.

Miller moves for consideration of the dismissal order on the grounds that the United States should have been dismissed under FTCA's misrepresentation exception clause, 28 U.S.C. § 2680(h), for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). (D.I. 19.) The United States opposes the motion. (D.I. 23.)

The standard for obtaining relief under Rule 59(e) is difficult for Miller to meet. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change

in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Dasilva v. Esmor Corr. Services, Inc.*, 167 F. App'x 303 (3d Cir. 2006) (not published).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Initially the court notes that Miller received the relief he sought; the United States' dismissal as a defendant. The court finds it improper at this juncture to reconsider its order to make a specific legal ruling for dismissal pursuant to 28 U.S.C. § 2680(h) inasmuch as the parties did not fully brief the issue or provide sufficient facts on the issue. It appears that Miller seeks a ruling on the misrepresentation issue as a means to bolster his claims. Now, and at the time the court dismissed the United States, there are insufficient facts for the court to rule on the alleged misrepresentation of the United States. For the above reasons, the court finds that Miller has not demonstrated any of the grounds necessary to warrant reconsideration of the court's dismissal order and, therefore, the motion will be denied.

### B. Motion to Compel Disclosures

On September 28, 2009, the court entered an order extending time for Miller to properly effect service upon named defendants who had not been served. Since Miller also named a number of Doe defendants, he was advised to immediately serve them upon their identification. Miller had advised the court that he required some discovery to identify the Doe defendants. He now seeks limited discovery from defendants Department of Veterans Affairs ("VA") and/or the Secretary of the VA and moves the court to compel them to disclose the names and addresses of thirty-three individual defendant employees, many of whom are described as an "unknown individual." (D.I. 20, App. A.) Miller states that prior to filing the complaint he made numerous attempts to obtain the names and addresses of the individual employee defendants in order to serve them. Miller contends that the information he seeks is relevant because it identifies the defendants who are specifically addressed in the complaint and who are expected to be called as witnesses at trial. Should the court deny his motion, Miller requests a personal hearing or advice from the court on how to best proceed. Miller seeks an additional sixty (60) days to amend the complaint to include the names of the individuals and to properly serve them once defendants provide the requested information.

The United States objects to the motion on the grounds that the court lacks jurisdiction to order the VA and/or Secretary of the VA, who are non-parties to the litigation, to provide discovery. (D.I. 23.) It also argues that it is impossible to identify names and addresses of "unnamed" or unknown" individuals. Miller notes, however, that the VA and the Secretary of the VA, Eric K. Shinseki, were properly served with summons and complaint and remain as defendants. (D.I. 24.) He also argues that the United States' objection is untimely. He contends

that the discovery request is proper because the employees are extensively identified in the complaint, the individual defendants are signatories on official VA legal documents, he submitted two Freedom of Information Act requests prior to filing the complaint both of which were denied, and the names should be readily available. Miller concedes that he could have filed the complaint against just one defendant and obtained the names of the other defendants through normal discovery, followed by an amended complaint to include the other individual defendants, but his desire is to expedite this proceeding.

Appendix A, attached to the motion, provides the names and places of employment (i.e., VA Regional Office and Medical Center, Wilmington, Delaware) for many of the unserved defendants including Deepak Santram, Ramesh D. Doshi, Y. Kuo, Charles Mauriello, Delia Olympia, K. D. Davis, A. E. Smith, R. C. Schmidt, Margaret Schultz, Donna Cochrane, J. A. Matson, C. T. Keenan, A. Kelly, A. Bocchicchio, Richard H. Hopolit, Christina A. Lavine, Robert J. Nicholson, and James Peake.[1] Appendix A, as prepared by Miller, adequately describes the foregoing defendants and where they may be located but, to date, no summons have issued for these defendants.

Pursuant to Fed. R. Civ. P. 4(e)(2), a plaintiff may either deliver process "to the person individually," deliver process to a person "at the individual's dwelling place or usual place of abode, or deliver process to "an agent authorized by appointment or law to receive service of process."[2] Miller has the option of serving the defendants through personal service but he has

---

[1] Appendix A also includes Eric K. Shinseki, but the court docket indicates that he has been served. (See D.I. 5.)

[2] Delaware law provides similar requirements for service. See Del. Ch. R. (d)(1); Del. Super. Ct. R. Civ. P. 4(f); Del. Comm. Pl. Civ. R. 4(f).

taken no steps towards effecting personal service. Hence, his request for discovery is premature. Additionally, as Miller notes, discovery through "normal channels" may provide him with the information he seeks, but he wishes to expedite this case. At this time, the court sees no need to place this case on an expedited schedule. Finally, with regard to the unnamed Doe defendants, should Miller identify them within a reasonable time period after discovery is commenced, the court will consider that upon any motion to amend and serve that Miller may file. For the above reasons, the court will deny the motion to compel.

### III. CONCLUSION

NOW THEREFORE, this ___4th___ day of ___Dec___, 2009, IT IS HEREBY ORDERED that:

1. The United States of America's Motion for Entry of Special Appearance is **granted**. (D.I. 22.)

2. The plaintiff's motion for reconsideration is **denied**. (D.I. 19.)

3. The plaintiff's motion for court order to compel disclosure is **denied**. (D.I. 20.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE