# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLENN A. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 09-159-GMS |
| | ) |
| DEPARTMENT OF VETERANS | ) |
| AFFAIRS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

## I. BACKGROUND

The plaintiff, Glenn A. Miller ("Miller"), who appears *pro se*, initiated the above-captioned case against the United States of America, the Department of Veterans Affairs, Secretary of Veterans Affairs Eric K. Shinseki, and numerous individual defendants. (D.I. 1.) On March 29, 2011, the court dismissed the complaint for lack of subject matter jurisdiction. (D.I. 57.) Miller moves for relief from the order pursuant to Fed. R. Civ. P. 60(b) and asks the court to rescind the March 29, 2011 order, remove it from the court docket, and reopen the case. He also asks the undersigned to recuse from the matter on the grounds of "an unmistakable conflict of interest and lack of impartiality." Finally, Miller asks that counsel for the government be removed from the case and the case assigned to "a neutral attorney preferably from outside the federal government." (D.I. 58.)

## II. STANDARD OF LAW

Miller moves for relief pursuant to Fed. R. Civ. P. 60(b) but his motion does not indicate under which subsection he proceeds. In his reply brief, Miller refers to Rule 60(b)(3) and Rule

60(b)6).

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

## III. DISCUSSION

Plaintiff relies upon Rule 60(b)(3) - "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party" and Rule 60(b)(6)" - "any other reason justifying relief from the operation of the judgment." Miller contends that the undersigned "habitually rules against *pro se* litigants" and "routinely denies almost each and every motion presented" except for those filed by government attorneys which are historically ruled on in the government's favor. In short, Miller contends that the undersigned has an "overwhelming bias" in favor of government attorneys. Miller's detailed argument in support of his position can be condensed into the theory that, in the instant case, the undersigned, in error, granted all motions filed by a government attorneys and, for the most part, denied motions filed by Miller. In addition, Miller contends that the government attorneys obstructed personal service

of the individual defendants and the U.S. Attorney presented known false arguments to the court.

Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party." "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b )(3), the evidence must be clear and convincing," *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522,527 (3d Cir. 1960), and "cannot serve as an attempt to relitigate the merits," *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). In addition, Rule 60(b)(3) concerns litigation-related fraud perpetrated in the course of litigation that interferes with the process of adjudication. *See Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005). Once such fraud is proved, the judgment may be set aside upon the movant's showing that the fraud "substantially interfered with [the movant's] ability fully and fairly to prepare for, and proceed at, trial." *Tiller v. Baghdady*, 294 F.3d 277, 280 (1st Cir. 2002).

Rule 60(b)(6) "is a catch-all provision that allows relief for any reason justifying relief from the operation of the judgment." *United States v. Witco Corp.*, 76 F. Supp. 2d 519, 527 (D. Del. 1999). It is within the sound discretion of the trial court to grant or deny relief under this section. *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986). The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (internal citations and quotations omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have

required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). Finally, Rule 60(b)(6) generally requires the movant to make "a more compelling showing of inequity or hardship" than would normally be required to reopen a case under any one of the first five subsections of Rule 60(b). *Project Mgmt. Inst., Inc. v. Ireland*, 144 F. App'x 935 n.1 (3d Cir. 2005) (not published).

The relief Miller seeks is not available to him under either Rule 60(b)(3) or Rule 60(b)(6). Neither Rule is intended to permit relitigation of the merits of the case which is Miller's obvious intent. With regard to Rule 60(b)(3), Miller has failed to come forth with clear and convincing evidence of misconduct by the opposing parties. Moreover, there is no indication that dismissal of the case was unfairly obtained. With regard to Rule 60(b)(6), Miller's assignment of legal error, without more, does not justify the granting of relief. *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004). The court thoroughly reviewed the record and the case law before issuing its decision. It is evident that Miller disagrees with the court's ruling. Regardless, this is an insufficient basis for relief under Rule 60(b)(6). Finally, Miller has not presented extraordinary circumstances to warrant granting his motion. *See Choi v. Kim*, 258 F. App'x 413, 416 (3d Cir. 2007) (not published).

## IV. RECUSAL

Miller also seeks recusal of the undersigned and counsel for the government. Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289,

4

301 (3d Cir. 2004). Under § 455(b)(1), a judge is also required to recuse herself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune." *Id.* at 555-56.

It is evident in reading Miller's motion that he take exception to this court's rulings and this serves as his basis to seek recusal. A reasonable, well-informed informer observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned. Nor do the rulings of the undersigned demonstrate that he acted in any such manner when ruling in this case. After careful and deliberate consideration, the undersigned concludes that he has no actual bias or prejudice towards Miller and that a reasonable, well-informed observed would not question his impartiality. In light of the foregoing standard and after considering Miller's assertions, the undersigned concludes that there are no grounds for recusal.

Miller also asks this court to order the recusal of government attorneys from this case. The United States Supreme Court has recognized that there is a presumption in favor of a party's

right to choose counsel. *See Wheat v. United States*, 486 U.S. 153, 158, 160 (1988). Depriving a party of his choice of counsel is a penalty that must not be imposed without careful consideration. *See Federal Deposit Ins. Corp. v. United States Fire Ins. Co.*, 50 F.3d 1304, 1313 (5th Cir. 1995). In civil matters as well as criminal matters, the right to counsel includes the right to legal representation of one's choice. *See McCuin v. Texas Power*, 714 F.2d 1255, 1257 (5th Cir. 1983). The right to counsel of choice is not absolute, however, and can be overridden if it can be proven that there is a compelling reason to do so. *Id.* at 1262-63. Miller has provided no justification for his broad request that this court recuse all government attorneys from this matter.

## V. CONCLUSION

NOW THEREFORE, at Wilmington this 16th day of Feb, 2012, IT IS HEREBY ORDERED that the motion for relief from order is **denied**. (D.I. 58.)

CHIEF, UNITED STATES DISTRICT JUDGE

6